**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF GREAT LAKES DREDGE & DOCK COMPANY, LLC AS OWNER OF THE BOOSTER BARGE REGGIE, OFFICIAL NUMBER 1151925, FOR EXONERATION FROM OR LIMITATION OF LIABILITY, | IN ADMIRALTY |
| Plaintiff-Petitioner. | CIVIL ACTION NO: 2:18-cv-676 |

**COMPLAINT**

Plaintiff-Petitioner, Great Lakes Dredge & Dock Company, LLC ("GLDD"), as owner of the booster barge REGGIE, official number 1151925, (the "Vessel" or the "REGGIE"), in an action for exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*, alleges upon information and belief that:

**PARTIES**

1. At all materials times, Petitioner GLDD was and is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Oak Brook, Illinois. GLDD is, and was on June 19, 2018, the owner of the Vessel.

2. William Scott Taylor ("Taylor") filed a Complaint against GLDD and Colonna's Shipyard, Inc ("Colonna's") in the Circuit Court for the City of Norfolk (the "State Court Complaint") regarding an alleged personal injury suffered on the Vessel while it was moored at Colonna's Shipyard in Norfolk, Virginia on June 19, 2018. Taylor seeks recovery of $15,000,000 in damages.

3. Upon information and belief, Taylor is a resident of the Commonwealth of Virginia.

4. In the State Court case, GLDD and Colonna's filed a cross-claims against each other.

## JURISDICTION AND VENUE

5. This is a case of admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is proper under 28 U.S.C. § 1333.

6. Venue over this claim is vested in this district pursuant to Supplemental Rule F(9) of the Federal Rules of Civil Procedure as Taylor filed the State Court Complaint against GLDD within this district.

7. Taylor's counsel provided GLDD and Colonna's the first written notice of his claim by a letter dated June 25, 2018. This action is filed on December 19, 2018, which is within the six-month period specified by 46 U.S.C. §30511 (a).

## FACTS

8. In his State Court Complaint, Taylor, an independent contractor hired to perform work on the Vessel's port and starboard generator assemblies, claims he was injured on board the Vessel while working on the starboard generator on June 19, 2018 (the "Incident"). At the time of the Incident, the Vessel was located at the Colonna's Shipyard in Norfolk, Virginia. Taylor alleges that GLDD and Colonna's where negligent and grossly negligent in the manner employed to connect the Vessel to shore-power and that this connection caused his injury.

9. The Vessel is a 325-gross-ton booster barge, 76 feet in length, 50 feet in width, and with a hull depth of 10 feet. GLDD uses the Vessel in connection with dredging operations on the

waters of the United States. At the time of the Incident, the Vessel was worth $6,425,000 or less and there was no pending freight.

10. Subject to additional appraisal of its interest in the vessel, GLDD herewith deposits with the Court, as security for the benefit of claimants, an Ad Interim Stipulation for security in the sum of $6,425,000 plus an additional $1,000.00 for costs.

11. Prior to commencement of Taylor's work on the Vessel and at all times material to the Incident, due care was exercised by GLDD under the circumstances with respect to the safety of the Vessel and its equipment, including its starboard generator and its connection to shore-power. Any injuries sustained by Taylor were occasioned and incurred without the privity or knowledge of GLDD. GLDD, therefore, claims the benefit of 46 U.S.C. §§ 30501 *et seq*., and the various statutes that amend and supplement those provisions, and in the same proceeding GLDD desires to contest its liability and the liability of the Vessel for any injury, loss, or damage arising out of the Incident.

12. The Incident and any injury, loss, or damage caused thereby or otherwise incurred during the work performed by Taylor on June 19, 2018 were not due to any fault, negligence, or lack of due care on the part of GLDD, the Vessel, a managing officer or supervisory employee of GLDD, or any other person for whom GLDD was or is responsible. Rather, the Incident and any injury, loss, or damage caused thereby were due solely to, and caused solely by, the negligence of Taylor or others for whom GLDD was not responsible, or else were due to other causes for which GLDD is not liable.

13. GLDD contests its liability and the liability of the Vessel for the injuries, losses, and damages done, occasioned, or incurred during the work performed by Taylor on board the Vessel on June 19, 2018. GLDD has valid defenses thereto on the facts and on the law. Though

filing an Ad Interim Stipulation for security herein, it is not admitted but expressly denied that GLDD or the Vessel is liable for any injury, loss, or damage. GLDD hereby claims and reserves the right to contest in this Court, or any other court, any claim of liability against it.

WHEREFORE, Plaintiff-Petitioner Great Lakes Dredge & Dock Company, LLC prays:

A. That this Court enter an Order approving the Ad Interim Stipulation for security in the amount of $6,425,000 deposited with the Court by GLDD as security in accordance with 46 U.S.C. § 30511 and Supplemental Rule F(1) of the Federal Rules of Civil Procedure;

B. That this Court issue a notice to all persons asserting claims with respect to which GLDD seeks limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for GLDD a copy thereof on or before a date fixed by the Court and an answer to this Complaint unless the claim includes an answer so designated;

C. That this Court issue an injunction enjoining the further prosecution of any and all suits, actions, or proceedings already commenced or to be commenced and the commencement and prosecution thereafter of any and all suits, actions, or proceedings or any nature or description in any jurisdiction against GLDD, the Vessel, or any other property of GLDD except in this action, to recover damages or in respect of any injury, loss, damage, death, or destruction done, occasioned, or incurred during the work performed by Taylor on board the Vessel on June 19, 2018;

D. That this Court enter a judgment in favor of GLDD, exonerating GLDD from any injury, loss, damage, or liability for any claims in any way arising out of or resulting from the Incident;

E. If GLDD shall be judged liable and if found to have any interest remaining in the Vessel, that the liability of GLDD be limited to the value of such interest; and

F.	That GLDD may have such other and further relief that law and justice may require.

**GREAT LAKES DREDGE & DOCK COMPANY, LLC**

By: /s/ John E. Holloway
               Of Counsel

John E. Holloway, Esq. (VSB No. 28145)
Daniel T. Berger, Esq. (VSB No. 81861)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7724
Facsimile:  (757) 687-7510
john.holloway@troutman.com
daniel.berger@troutman.com
*Attorneys for Plaintiff-Petitioner Great Lakes Dredge & Dock Company, LLC*