IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT )<br>OF GREAT LAKES DREDGE AND DOCK )<br>COMPANY, L.L.C. AS THE OWNER OF )<br>THE BOOSTER BARGE REGGIE, OFFICIAL )<br>NUMBER 1151925, FOR EXONERATION )<br>FROM OR LIMITATION OF LIABILITY, )<br>)<br>Limitation-Plaintiff / Petitioner. ) | Civ. Action No.: 2:18-cv-676<br><br>IN ADMIRALTY |

## OPINION & ORDER

This matter comes to the Court on Claimant-William Scott Taylor's ("Taylor") Motion to Stay the Limitation Case and Dissolve the Court's Injunction. Motion, Doc. 24. Taylor requests that this Court lift its injunction against his state court personal injury action. See generally id. Because the relief sought by Taylor runs against the majority position of federal courts, including the Eastern District of Virginia, the Court **DENIES** the Motion.

## I. BACKGROUND

This admiralty case arises out of personal injuries suffered by Taylor while working aboard the booster barge REGGIE (the "Vessel"). In his state court complaint, Taylor alleges that he was severely injured when electricity from a land-based power supply arched into his body. Doc. 24-1 ("State Compl.") ¶¶ 23-24. Taylor brings his claims under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), specifically 33 U.S.C. § 905(b), against the owner of the Vessel and the owner of the shipyard. Id. The owner of the Vessel was Great Lakes Dredge and Dock Company ("Great Lakes") and the owner of the shipyard was Claimant-Colonna's Shipyard, Inc ("Colonna's"). Taylor demands fifteen-million dollars ($15,000,000) in damages. Id. at 1, 8. On

1

June 19, 2018, Taylor filed his complaint in the Circuit Court for the City of Norfolk. Id. at 1. He demanded a jury trial. Id. at 8.

On December 19, 2018, Great Lakes filed a Complaint for Exoneration from or Limitation of Liability in this Court. Limitation Complaint, Doc. 1. On January 22, 2019, this Court entered an Order for Security, ordering Great Lakes to post security in the amount of its stake in the Vessel – $6,426,000 and $1,000 in costs. Order for Security, Doc. 9. On January 22, 2019, the Court also entered an Injunction, enjoining the state court proceedings. Injunction and Notice Order, Doc. 10. Notice of the limitations proceedings was posted that same day. Notice, Doc. 11.

Two (2) entities have filed claims against the Vessel. Doc. 24-6. Taylor filed his personal injury claims, and Colonna's filed a contribution and indemnification claim. Id.

Taylor filed the instant Motion on April 8, 2019. Motion, Doc. 24. Colonna's opposed the Motion on April 22, 2019. Colonna's Shipyard, Inc.'s Brief in Opposition to William Taylor's Motion for Stay, Doc. 27 ("Colona's Opp."). Great Lakes opposed the Motion on April 22 as well. Pl.-Pet.'s Brief in Opposition to William Scott Taylor's Motion for a Stay of the Limitation Case, Doc. ("Great Lakes's Opp."). This Court held oral arguments on the instant motion on May 30, 2019. The Court **DENIED** the Motion from the bench. This Opinion and Order further explains the Court's decision and the reasons given on the bench.

## II. LEGAL STANDARD

Section 1333 of Title 28 of the United States Code grants federal courts the maritime and admiralty jurisdiction described in Article III, section 2 of the United States Constitution. 28 U.S.C. § 1333. However, that jurisdiction is qualified because the grant of jurisdiction "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." Id. § 1333(1). The "saving to suitors" clause of 28 U.S.C. § 1333(1) is understood to preserve, inter alia, a plaintiff's

choice to pursue his maritime claims in state court in front of a jury, unless there is some other basis for federal jurisdiction. See, e.g., Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 445 (2001).

The Limitation Act provides a method for the owner(s) of a vessel to limit their liability to the value of the vessel and her pending freight. 46 U.S.C. § 30505(a); Fed. R. Civ. P. Supp. R. (F). In doing so, the Limitation Act seeks to promote investment in maritime commerce. Lewis, 531 U.S. at 446 ("Congress passed the Limitation Act in 1851 to encourage ship-building and to induce capitalists to invest money in this branch of industry."). When a shipowner faces liability for certain accidents, he may petition a federal court for limitation or exoneration of liability. 46 U.S.C. § 30505(a). The federal court will then order that all claimants against the vessel and her freight file their claims with that court, creating a concursus of claims, "to ensure the prompt and economical disposition of controversies in which there are multiple claimants." In Re: Lyon Shipyard, 91 F. Supp. 3d 832, 834 n.1 (E.D. Va. 2015) (quoting Maryland Cas. Co. v. Cushing, 347 U.S. 409, 415 (1954)). Once the concursus is aggregated, the federal court should proceed to determine the merits of the claims and the claim for limitation. Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1036 (11th Cir. 1996).

The instant motion highlights the inherent tension between these two (2) principles of admiralty and maritime law. When a plaintiff is injured and brings a claim against a vessel and her owner in state court, the saving to suitors clause suggests that a federal court should not disturb the plaintiff's chosen forum. However, the Limitation Act permits the shipowner to invoke a federal court's jurisdiction and enjoin the state court from proceeding and require that the claims relevant to the limitation proceeding be litigated in federal court. When navigating this tension, a court should keep in mind, as Taylor concedes, that the shipowner's right to limitation takes

3

precedence over the injured plaintiff's interest in his chosen state court forum. Odeco Oil and Gas Co., Drilling Div. v. Bonnette, 74 F.3d 671, 675 (5th Cir. 1996).

In an attempt to ameliorate this tension, the Supreme Court has identified two (2) circumstances under which a federal district court may dissolve its limitation injunction and permit the claims to be litigated in state court. The first situation is when the value of the limitation fund exceeds the sum of all claims on the vessel. Lewis, 531 U.S. at 450. In such a situation, a shipowner's rights under the Limitation Act are protected, because no matter how the case is decided, his liability will not exceed the value of the vessel and her pending freight. See id. The second situation is when there is only one (1) claimant in the limitation proceeding and the parties can agree to certain stipulations that adequately protect the shipowner's limitation rights. Id. at 451. In that case, there is no risk that the shipowner's liability will exceed the value of the limitation fund, because only one (1) claim exists and the parties have agreed that the claim will not exceed the fund. In some cases, when there are more than one (1) claim on the vessel and her pending freight, the claimants can issue a set of stipulations which, if they provide adequate protection to the shipowner, can convert a multiple-claimant case into a single-claimant case. Id. at 451-52; Beiswenger, 86 F.3d 1038-39.

### III. DISCUSSION

The two (2) issues presented in this Motion are, (1) whether a co-defendant that alleges only a claim for contribution from the shipowner is considered a "claimant" for purposes of staying a limitation action, and (2) whether a unilateral stipulation is sufficient to protect a shipowner's limitation rights. Accordingly, the Court must determine if this is a multiple-claimant case, and, if so, can one (1) claimant convert the case into a single-claimant case on its own.

Taylor argues that because Colonna's claim is only one for contribution, it is derivative of his own claim; thus, this is a single-claim case and that his stipulation will protect Great Lakes's limitation rights. Motion at 5. Defendants argue that a contribution claim is still a claim for limitation purposes; therefore, it the stipulation is to transform this case into a single-claim case, Colonna's must agree in order to adequately protect Great Lakes's limitation rights.

Taylor relies on the Eighth Circuit's decision in Universal Towing v. Barrale. Motion, at 5. In that case, the court of appeals reversed the trial court's decision to deny a motion to stay. 595 F.2d 414, 420 (8th Cir. 1979). The Eighth Circuit reasoned that a claim for indemnity is "merely derivative" of the plaintiff's claim. Id. at 419. According to the Eighth Circuit, the party seeking indemnity would only have a claim against the shipowner if plaintiff pursued a judgment against that party, and the claim would only be in the amount pursued. Id.; accord S&E Shipping Corp. v. Chesapeake & O. Ry. Co., 678 F.2d 636, 645 (6th Cir. 1982). Thus, the personal injury plaintiff could waive any claim in excess of an amount which would exceed the limitation fund. Id. Taylor argues that under Virginia law, any claim for contribution that Colonna's may have against Great Lakes only accrues when Colonna's actually pays the amount. Motion at 7. Taylor lists the stipulations that he has offered to Colonna's, and continues to offer to be bound by them. Id. at 9-10. In other words, Taylor argues that if he promises that he will not attempt to pursue a judgment against Colonna's that, combined with a judgment against Great Lakes, would not exceed the limitation fund, there is no risk that Great Lakes's limitation rights will be harmed.

Colonna's argues that a contribution claim is sufficient to give rise to a multiple-claim situation. Colonna's Opp. at 3. Colonna's cites Odeco Oil & Gas Co., Drilling Div. v. Bonnette as support. There, the Fifth Circuit held, (1) "parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act," and

5

(2) "in order to proceed in state court, all claimants must sign the stipulation protecting the shipowner's rights under the Limitation Act." 74 F.3d 671, 675 (5th Cir. 1996) (emphasis in original); accord In re: Complaint of Holly Marine Towing, Inc., 270 F.3d 1086, 1090 (7th Cir. 2001), Gorman v. Cerasia, 2 F.3d 519, 527 (3d Cir. 1993) (remanding a stay to consider contribution claims); see also Complaint of Dammers & Vanderheide & Cheepvaart Maats Christina B.V., 836 F.2d 750, 757 (2d Cir. 1988) ("As long as there is a potential set of circumstances in which a shipowner could be held liable in excess of the limitation fund, the reasonable prospect of claims for indemnification should constitute a multiple claimant situation necessitating a concursus."), Beiswenger, 86 F.3d at 1042. The Odeco court reasoned that indemnity and contribution are liabilities that must be addressed in order to protect a shipowner's limitation rights. Odeco, 74 F.3d at 757. It went on to reason that if all claimants did not sign the stipulation, there was nothing that would prevent them from pursuing claims against the shipowner which may exceed the limitation fund. Id.

Great Lakes argued in brief and at oral arguments that without a waiver of res judicata the shipowner's limitation rights are not clearly protected. Great Lakes's Opp. at 5-6. Because Colonna's has not waived res judicata of any state court judgments, Great Lakes argues that it is not clear that it will not be subjected to liability above the limitation fund. Id. at 6 (citing In re Complaint of Urbelis, 2016 U.S. Dist. LEXIS 117449, at *17 (D. Mass. 2016) ("If [all claimants], however, refuse to stipulate that a state-court judgment will have no preclusive effect on a subsequent limitation proceeding in federal court, the Court cannot be sure that [shipowners'] rights will be adequately protected in the event the state-court action goes forward. This alone would be sufficient grounds to deny [a motion to stay the limitation case].")).

Colonna's and Great Lakes also call this Court's attention to In re: Lyon Shipyard. In that case, the Eastern District of Virginia held that all claimants must sign a protective stipulation before the court will stay the limitation case. 91 F. Supp. 3d 832, 841 (E.D. Va. 2015). Taylor tries to distinguish this case by pointing out that in Lyon, the second claimant filed claims for contribution and loss of use of the vessel; thus, not all claims were derivative of the plaintiff's claim. Motion at 8. Colonna's argues that that was articulated only as an alternative basis to denying the plaintiff's motion. Colonna's Opp. at 3. The Lyon court relied on the Fifth Circuit's Odeco decision primarily on the point that "one claimant's unilateral stipulations are not sufficient to lift an injunction and stay of the state court proceedings when other claimants have not entered into stipulations of their own." 91 F. Supp. 3d at 839. However, the Lyon court did not state any indication that it disagreed with the core Odeco holding: that "parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act." Odeco, 74 F.2d at 675.

The Court **FINDS** that the reasoning of the majority of federal courts is persuasive and holds that an indemnity or contribution claim is sufficient to create a multiple-claim situation. To begin, Odeco clearly addressed this point and held that a contribution and indemnity claim creates a multiple-claimant situation. In Odeco, the parties agreed that there would be no "recovery" beyond the limitation fund, and that the co-defendants' indemnification claims for attorney's fees and costs would take precedence over plaintiff's claims. Odeco, 74 F.3d at 673 n.4. Therefore, much like the instant case, the proposed stipulation ostensibly would have prevented claims – including contribution and attorney's fees – from exceeding the value of the limitation fund. Nevertheless, the contribution claims were still sufficient to create a multiple-claimant situation. Accord Holly Marine, 270 F.3d at 1090 (7th Cir. 2001), Beiswenger, 86 F.3d at 1042 (11th Cir.

1996), Gorman, 2 F.3d at 527 (3d Cir. 1993), Dammers, 836 F.2d at 757 (2d Cir. 1988) ("As long as there is a potential set of circumstances in which a shipowner could be held liable in excess of the limitation fund, the reasonable prospect of claims for indemnification should constitute a multiple claimant situation necessitating a concursus."). However, at first glance, the Barralle court's rationale is attractive – a contribution claim is theoretically only derivative of the primary claim. But, the Holly court explained the "loophole" left by the Barralle decision. Holly Marine, 270 F.3d at 1088-89. Assume this Court lifted its injunction and the Norfolk Circuit Court entered judgment for Taylor for all damages pleaded in the state court complaint – $15 million. Further assume that the judgment was to be split 75-25 between Great Lakes and Colanna's on a finding of comparative negligence. Great Lakes may be limited to pay $6.4 million to Taylor, that is the amount of the limitation fund, but Colonna's would be obligated to pay $3.75 million to Taylor. That could expose Great Lakes to liability above the limitation fund, because Colonna's may then pursue a claim against Great Lakes for contribution or indemnity. Accordingly, that should be understood as a "claim" for purposes of the Limitation Act, as the Second, Third, Fifth, Seventh, and Eleventh Circuits hold. Taylor claims that this situation is not possible in the instant case, because any contribution claim would be derivative of his own actions. If he does not bring an excessive claim against Colonna's there will be no contribution claim that would put Great Lakes over its limit. However, as the cases on the topic discuss, the contribution claims are still liabilities for which the shipowner may be accountable. Applying that rule to this case, Colonna's contribution claim is sufficient to create a multiple-claim case.

Having found that this is a multiple-claimant situation, the remaining issue becomes whether Taylor's unilateral stipulation is sufficient to protect Great Lakes's limitation rights. The Court **FINDS** that it is prudent to follow the majority of courts, including the Eastern District of

Virginia, and hold that all claimants must agree to the protective stipulation. Because the contribution claim is a "claim," Colonna's is a claimant. The clear majority adopt the principle that all claimants must agree to a protective stipulation to properly transform the case into a single-claimant case. This is a measure designed to ensure that contribution claimants will not drive a shipowner's total liability above the limitation amount. Unless all claimants agree to the stipulations, such measures do not adequately protect the shipowner's right to limitation. E.g., Lyon Shipyard, 91 F. Supp. 3d at 839-40 ("In a case involving multiple claimants, all claimants must agree to these stipulations in order to adequately protect the shipowner's right to limit liability.") (emphasis in original); Odeco, 74 F.3d at 675 ("[I]n order to proceed in state court, all claimants must sign the stipulation protecting the shipowner's rights under the Limitation Act.") (emphasis in original) (explaining the rationale for this "prudent" rule). As Great Lakes argued, one important reason for this is that Colonna's has not waived a claim of res judicata or any other measures which Taylor claims will protect Great Lakes. Great Lakes's Opp. at 4-6.

Taylor attempts to distinguish this case based on the size of the fund. Taylor's Reply Brief in Support of the Motion, Doc. ("Reply") 30 at 1, 3. He argues that in Odeco, the fund was only $30,000 and seems to argue that Odeco only applies where the claims exceed the value of the limitation fund. Id. at 1-2. However, it is not clear why the size of the fund would matter where, as here and in Odeco, the claims exceed the value of the limitation fund. An inadequate fund is one that cannot satisfy all of the claims, regardless of its size. The Odeco court did not qualify its holding that "all claimants" must sign the stipulation; rather, it stated "[t]his rule is a prudent attempt to balance the inherent conflict between the Limitation Act and saving to suitors clause." Odeco, 74 F.3d at 675 (emphasis in original) (citing In Re: Complaint of Port Arthur Towing, 42 F.3d 312, 316, cert. denied 516 U.S. 823, (5th Cir. 1995) ("On this point the law is clear: When

the aggregate of the damages being sought by all claimants exceeds the value of the concursus, actions in state court cannot proceed unless <u>all</u> claimants enter into a stipulation that adequately protects the shipowner which has filed a complaint in federal court seeking to limit its liability.") (emphasis in original)). Even though some courts have held that a unilateral stipulation could protect a shipowner, see <u>Beiswenger</u>, 86 F.3d at 1043 (citing <u>Dammers</u>), this Court has already refused to follow that holding. <u>Lyon</u>, 91 F. Supp. 3d at 840 (distinguishing <u>Beiswenger</u> and <u>Dammers</u> because those cases involved <u>potential</u> claims for indemnity, not <u>actual</u> claims).

While this has the effect of denying Taylor his chosen forum in state court, the Court should be primarily concerned with, as Taylor concedes, the shipowner's limitation rights. Even though Taylor asserts that his unilateral stipulations are sufficient to protect Great Lakes, without all claimants agreeing to waive claims in excess of the fund and <u>res judicata</u>, there is insufficient assurance that shipowner's limitation rights will be preserved. As the cases on this point explain, Taylor cannot unilaterally make a multiple-claim case into a single-claim case.

Accordingly, the Motion is **DENIED**.

The Clerk is **REQUESTED** to distribute a copy of this Opinion and Order to counsel of record.

It is **SO ORDERED**.

Norfolk, Virginia
June 4, 2019

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNTIED STATES DISTRICT JUDGE

10